In the Matter of FRANCES W. STONE, Respondent, against MARK GRAVES et al., Constituting the State Tax Commission, et al., Appellants.

Argued May 27, 1940; decided July 24, 1940.

: *John J. Bennett, Jr.*, Attorney-General (*Mortimer M. Kassell* and *Harry T. O'Brien, Jr.*, of counsel), for appellants. Payment of the refund is barred by the Constitution of the State. (*Matter of Furey* v. *Graves*, 148 Misc. Rep. 785; 241 App. Div. 897; 266 N. Y. 415; *Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351; *Matter of Hoople*, 179 N. Y. 308; *Cayuga County* v. *State*, 153 N. Y. 279; *Gates* v. *State*, 128 N. Y. 221; *Ross* v. *State*, 186 App. Div. 156; *Bauserman* v. *Blunt*, 147 U. S. 647; *Reid* v. *Board of Supervisors*, 128 N. Y. 364; *Tillman* v. *Guaranty Trust Co.*, 253 N. Y. 295; *Brown* v. *Bronson*, 93 App. Div. 312; *Gilbert* v. *Taylor*, 148 N. Y. 298; *Cooley* v. *Lobdell*, 82 Hun, 98; *Matter of Jacob* v. *Gilchrist*, 211 App. Div. 62; *Matter of Bausher* v. *Lynch*, 231 App. Div. 486; 257 N. Y. 615.) Chapter 434 of the Laws of 1934 does not provide for a refund herein. (*Matter of Furey* v. *Graves*, 148 Misc. Rep. 785; *Matter of Dee*, 282 N. Y. 617; *People ex rel. Bankers Trust Co.* v. *Graves*, 270 N. Y. 316.) Any refund must be without interest. (*Matter of DeCordova*, 199 App. Div. 492; 234 N. Y. 514.)

*H. Herbert Romanoff* for respondent. The amendment to the Tax Law (Cons. Laws, ch. 60) by chapter 434 of the Laws of 1934 authorized the refund demanded. (*Matter of Socolow* v. *Murphy*, 219 App. Div. 184; *Payne* v. *Gardiner*, 29 N. Y. 146; *Brooklyn Borough Gas Co.* v. *Bennett*, 154 Misc. Rep. 106; *City of New York* v. *Fidelity Trust Co.*, 243 App. Div. 46; *Bank of British North America* v. *Merchants' Nat. Bank*, 91 N. Y. 106; *Matter of Rosenthal* v. *Graves*, 246 App. Div. 656; 274 N. Y. 524.) The amendment does not violate section 6 of article VII of the Constitution (now art. III, § 19). (*Oswego & Syracuse R. R. Co.* v. *State*, 226 N. Y. 351; *Rexford* v. *Knight*, 11 N. Y. 308; *Matter of Dee*, 257 App. Div. 531; 282 N. Y. 617.)

LEHMAN, Ch. J. Gordon Wendell died, a resident of the county of New York, on January 31, 1910. By his last will ·and testament he directed that his residuary estate

should be held in trust during the lifetime of his wife for her benefit. The testator left contingent remainders in the trust fund, upon the death of his wife, to their children and in case no child survived his wife, he directed that the principal of the fund should be paid to more distant relatives. Until the death of the life tenant it was not possible to determine at what rate the transfer of the remainder would be ultimately taxed but, in accordance with the provisions of section 230 of the Tax Law (Cons. Laws, ch. 60), a tax upon the transfer of the remainder was imposed upon said transfer at the highest rate which, on the happening of any contingency, would be possible. The tax so imposed amounted to $3,277.10. A temporary order fixing the tax was then entered on October 3, 1911, and the tax was paid by the executors. The life tenant died on June 19, 1929, leaving her surviving, as the sole issue of the testator and herself, one daughter, Frances C. E. Wendell. In February, 1938, she made application to the Surrogate's Court for an order modifying the tax imposed upon the transfer of the remainder to her. Accordingly an order was entered on March 8, 1938, which finally fixed and determined the tax due on such transfer at $655.42. Miss Wendell then applied for the refund to her of the difference between the sum of $3,277.10, which was paid under the temporary order of October, 1911, fixing the tax at the highest rate possible upon the happening of any contingency, and $655.42, which, by the order of March 8, 1938, was finally fixed and determined as the amount of the tax due upon the transfer of the remainder to a lineal descendant of the testator. Payment was refused on the ground that the claim for refund had accrued more than six years before the demand and that, under the decision of this court in *Matter of Furey* v. *Graves* (266 N. Y. 415), refund of the tax was prohibited by the Constitution. Then application was made to the Supreme Court for an order directing the Comptroller to refund the difference between the amount of the tax temporarily fixed at the highest rate and the amount of the tax as finally fixed upon the transfer of the remainder.

In *Matter of Furey* v. *Graves* (148 Misc. Rep. 785; affd., 241 App. Div. 897; 266 N. Y. 415), a sum roughly estimated as the amount of the transfer tax which would be due upon the estate of a decedent was paid to the State.Comptroller in May, 1917, before any order was made fixing the tax. The purpose of the payment was to procure the discount on the tax which is allowed if the tax is paid within six months of its accrual. No order was entered, fixing the tax, until 1932. Then the tax was fixed at an amount less than had been paid and the administrator of the estate belatedly asked for a refund of the amount erroneously paid. The statute made no provision for the payment to the State of any tax before an order is entered fixing the amount of the tax and made no provision for a refund by the State of any excess if such payment is made and an order is thereafter entered fixing the tax at an amount less than was paid. The custom, however, of paying the estimated amount of a tax in advance of an order fixing the amount, had become common and the Comptroller had without question refunded any excess in the amount so paid over the amount of the tax thereafter fixed by order of the Surrogate. The right to such a refund depended on common law principles. After the amount of the tax was fixed and determined, the State held moneys which equitably and fairly belonged to the taxpayer and which the taxpayer might recover in an action for money had and received. Such an action, between citizens, would be subject to a statutory period of limitation of six years from the date the cause of action accrued. It would not accrue until the entry of the order fixing the tax but a taxpayer could not reasonably delay his application for such an order more than two years. Therefore, the action would be barred eight years after the payment of the estimated amount of the tax. The Constitution of the State of New York at that time provided that "neither the Legislature, canal board, nor any person or persons acting in behalf of the State, shall audit, allow, or pay any claim which, as between citizens of the State, would

be barred by lapse of time." (Art. VII, § 6.) The courts held in *Matter of Furey* v. *Graves* (*supra*) that this provision of the Constitution prohibited the State from refunding the moneys paid by the taxpayer; for more than eight years had elapsed since payment of the estimated amount of the tax and since the date when the taxpayer might have applied for an order fixing the tax.

While the appeal in that case was still pending and before argument in the Court of Appeals, the Legislature adopted a statute, doubtless intended to authorize the refund which had been denied to the taxpayer by the decision of the lower courts. That statute, chapter 434 of the Laws of 1934, amended section 225 of the Tax Law by inserting a provision that " Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, * * * provided application for such refund be filed with the tax commission within one year from the entry of such taxing order." It was the clear intent of the Legislature in that statute to direct the refund of excess tax paid upon application within one year from the entry of an order fixing the tax regardless of the time when the order was entered, but this court, although writing no opinion, held that it could give no effect to the statute because the same provision of the Constitution which prohibited an officer of the State from auditing, allowing, or paying any claim " which, as between citizens of the State, would be barred by lapse of time," also prohibited the Legislature from authorizing an officer to make such payment. In the recent case of *Matter of Dee* v. *State Tax Commission* (282 N. Y. 617), decided January 25, 1940, a similar situation was presented to this court as in the case of *Matter of Furey* v. *Graves* (*supra*), but with one significant difference. In that case, at the time when chapter 434 of the Laws of 1934 went into effect, not quite eight

years had passed since payment of the estimated amount of the tax without a taxing order. Consequently, at that time the claim as between citizens of the State would not have been barred by lapse of time and the Legislature was not precluded by any constitutional restriction from passing a statute directing the payment of the claim within one year after entry of the order fixing the tax. This court did not, in that case, overrule its earlier decision in *Matter of Furey* v. *Graves*. The court, in the latter case, applied, according to its terms, a statute of the Legislature which could not be applied in the earlier case because of the mandate of the Constitution.

The Constitution, as amended in 1938, contains a similar limitation upon the power of the Legislature to authorize or direct payment of a claim against the State which as between citizens would be barred by lapse of time. (Art. III, § 19.) As in *Matter of Dee* v. *State Tax Commission* (*supra*), however, the claim in this case would not, as between citizens of the State, have been barred by any six-year period of limitation at the time the Legislature enacted chapter 434 of the Laws of 1934, for no order finally determining the tax could have been entered till the death of the life tenant in 1929. It follows, then, under our decision in the *Dee* case, that, if the provisions of chapter 434 of the Laws of 1934 were intended to apply to refunds of moneys paid before entry of an order finally fixing the tax, though after the entry of a " temporary " order which was subject to modification in accordance with the provision of section 225 of the Tax Law, the State must, regardless of the time when the order finally fixing the tax is actually entered, refund the excess tax paid under the order temporarily fixing the tax at the highest rate possible in any contingency. It is urged, however, that the statute relied upon refers in express terms only to cases where a tax has been paid " before the entry of a taxing order," and can have no application to a case where payment was made under a temporary order fixing the tax tentatively.

The Tax Law, in section 230, which provides for the assessment of a tax at the highest rate possible, also provides that the order determining the tax at that rate shall be a " temporary order," and that " on the happening of any contingency whereby the said property, or any part thereof, is transferred  *  * . *  to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which⌐said person or corporation should pay under the provisions of this article, computed upon the full, undiminished value of the property as aforesaid." The person so entitled to a refund may apply, under the express terms of that section, for an order modifying the original tax. The right to recover the excess is not, as in the case of *Matter of Furey* v. *Graves* (*supra*), through an action for money had and received based on common-law principles, which, as between citizens would be barred by lapse of time, but is granted by express provision of the statute directing that such refund be made and not providing any limitation upon the time when application for an order finally fixing the tax must be made or when proceedings must be initiated, to compel the refund of an amount paid in excess of the tax as finally fixed. By chapter 434 of the Laws of 1934 the Legislature has in express terms provided that even a common-law cause of action to compel a refund in analogous cases shall not be barred by any lapse of time in applying for the order fixing the tax, though otherwise a common-law cause of action would, as between citizens, be barred. Persuasive argument might be made that when the Legislature used the words " a tax was paid before the entry of a taxing order," it intended to include every case where a tax was paid before the entry of the order which *finally* fixed the tax, though a " temporary " order had been entered. We need not now determine that question. Here we are asked to read into a statute, which expressly provides a statutory right to compel a refund, a limitation not con-

tained in the statute which grants the right. Such a limitation would be in conflict with the practice of the State, at least until the decision in *Matter of Furey* v. *Graves* (*supra*). No principle of statutory construction constrains us to read into the statute by implication a limitation not expressed. Indeed, it may be doubted whether there would be any justification for such an implication. The statute applicable to payment of taxes before the entry of a temporary order is, at least, convincing evidence that the Legislature did not intend that a limitation not expressed should be incorporated in a statutory remedy granted in an analogous situation.

The right to a refund of the excess amount fixed with three per cent interest is a substantial right which affected the amount of the tax which the State would be permitted to retain when the tax should be fixed by final order. We agree with the courts below that the amendment of the statute (L. 1911, ch. 800) made after the death of the testator, which took away the right to interest on moneys refunded, has no retroactive effect. *Matter of De Cordova* (199 App. Div. 492; affd., 234 N. Y. 514) is not authority to the contrary.

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.